IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2:99cr137-MHT |
| | ) | (WO) |
| CLARENCE CLAY | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Clarence Clay ("Clay"), proceeding *pro se*, seeks a writ of error *coram nobis* vacating his 2003 federal convictions for conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and unlawful use of a communication facility (a telephone), in violation of 21 U.S.C. § 843(b).  Clay completed the incarceration portion of his 56-month sentence in October 2008, at which time he began a three-year term of supervised release.  However, the district court dissolved Clay's supervised release on September 9, 2010.  Because Clay has completed service of his sentence, he is no longer "in custody" for his 2003 convictions, and he was not "in custody" when he filed this petition for *coram nobis* relief on October 19, 2010.

Clay contends he is entitled to *coram nobis* relief on the following grounds:

1. He is "actually innocent" of the conspiracy/controlled substance offense for which he was convicted, because the jury was unable to reach a unanimous agreement as to the drug amounts attributable to him.

2. His conviction and sentence are void, because the trial court "directed a guilty verdict" as to the conspiracy/controlled substance charge when the jury was unable to reach a unanimous agreement as to the drug amounts attributable to him.

3. The trial court's entry of a judgment of conviction as to the conspiracy/controlled substance offense represented a fraud being perpetrated on the court, by the court, because the jury was unable to reach a unanimous agreement in its verdict.

4. Counsel rendered ineffective assistance when he failed to argue to the court that Clay could not be convicted of the conspiracy/controlled substance offense in the absence of the jury's unanimous agreement as to attributable drug amounts and when he failed to challenge the trial court's infringement on the role of the jury by determining the amount of drugs attributable to Clay.

(*Doc. No. 986 at pp. 8- 28.*)

For the reasons indicated below, Clay's petition for a writ of error *coram nobis* should be denied.

## II.   DISCUSSION

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts authority to issue a writ of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

"The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203.

The bar for *coram nobis* is high and relief may issue only where: (1) "there is and was no other available avenue of relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (internal quotation omitted). Furthermore, a district court may consider *coram nobis* petitions only where the petitioner presents sound reasons for failing to seek relief earlier. *United States v. Morgan*, 346 U.S. 502, 512 (1954). Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgement, without fault of the defendant, which, if known would probably have prevented the judgment." *Id*. at 516.

In *Morgan*, the Supreme Court suggested three prerequisites to the granting of a writ of error *coram nobis*. First, the petitioner must have exercised diligence in bringing his claim. 346 U.S. at 511 ("Such an attitude may reflect the rule that deliberate failure to use a known remedy at the time of trial may be a bar to subsequent reliance on the defaulted right."). Second, the writ is only available when other remedies and forms of relief are unavailable or inadequate. *Id*. at 512 ("[W]e think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of *coram nobis* must be heard by the federal trial court."). Third and finally, the writ is available only to correct errors "of the most fundamental character." *Id*. The proceedings leading to a petitioner's underlying criminal conviction are presumptively correct, and the burden rests on the petitioner to show otherwise. *Id*.

Given these hurdles, the Supreme Court has indicated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of error *coram nobis*] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996); *see also Casias v. United States*, 421 F.2d 1233, 1234 (10th Cir. 1970) (applying *Morgan* and quoting the Supreme Court: "continuation of litigation after final judgment and exhaustion or waiver of any statutory right to review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice").

Clay fails to satisfy the applicable standards for *coram nobis* relief. First, it is clear that there were other avenues of relief available for Clay to present the claims he presents in his instant petition. Indeed, Clay raised each of his current claims in a prior proceeding. He previously pursued his claims regarding the jury's inability to reach a unanimous agreement as to attributable drug amounts – and the trial court's alleged infringement on the role of the jury – on direct appeal, in a 28 U.S.C. § 2255 motion that he filed in September 2005, and later in a self-styled motion for relief under Fed.R.Civ.P. 60 filed in November 2009. *See United States v. Clay*, 376 F.3d 1296 (11th Cir. 2004); *Clay v. United States*, Civil Action No. 2:05cv854-MHT (*Doc. Nos. 1 and 99*). The merits of these claims were considered and rejected by the Eleventh Circuit on direct appeal, and by this court in ruling on Clay's § 2255 motion. *See* 376 F.3d 1296; Civil Action No. 2:05cv854-MHT (*Doc. Nos. 57 and 84*). In ruling on Clay's Rule 60 motion, this court found such claims to be, in substance, part of a successive § 2255 motion filed without pre-certification from the appellate court. *See* Civil

Action No. 2:05cv854-MHT (*Doc. No. 104*).  Clay's allegations of ineffective assistance of counsel were presented in his § 2255 motion, where this court found them to be without merit.  *See* Civil Action No. 2:05cv854-MHT (*Doc. Nos. 57 and 84*).  Clay's claim of "fraud on the court" was presented in his Rule 60 motion, where this court found that the claim, although cloaked in the rubric of Fed.R.Civ.P. 60, was in substance part of a successive §2255 motion filed without the proper pre-certification.  *See* Civil Action No. 2:05cv854-MHT (*Doc. No. 104*).

As an extraordinary remedy, the writ of error *coram nobis* may not be used to relitigate matters that have already been put in issue and determined.  *See Klein v. United States*, 880 F.2d 250, 254 n.1 (10th Cir. 1989) ("Coram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition."); *Wills v. United States*, 654 F.2d 23, 24 (8th Cir. 1981) (*coram nobis* is inappropriate if the petitioner merely repeats claims already presented and dismissed in a §2255 motion); *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (same); *United States v. Mandanici*, 205 F.3d 519, 524 (2nd Cir. 2000) (*coram nobis* is not a substitute for appeal); *Sun v. United States*, 151 Fed.Appx. 860, 862-63 (11th Cir. 2005) (*coram nobis* is not appropriate where same issues were advanced on direct appeal).  Clay may not use the remedy of *coram nobis* to relitigate issues that have already been litigated and resolved against him.

To the extent Clay's presentation of his claims in the instant petition may differ in

5

some slight way from the manner in which they were previously presented, this court finds that any new arguments by Clay in support of such claims could clearly have been asserted in the previous proceedings. Clay does not demonstrate that he could not have discovered the bases of his claims in time to assert them either on direct appeal or in his § 2255 motion. Thus, Clay also fails to establish valid reasons for failing to seek earlier relief on any new bases for relief he may now assert. *See Morgan*, 346 U.S. at 512; *Moody v. United States*, 874 F.2d 1575, 1577-78 (11th Cir. 1989).

Finally, Clay has not shown that *coram nobis* relief is necessary in his to case to correct an error "of the most fundamental character." *Morgan*, 346 U.S. at 512. All of his claims are predicated on his argument that, because the jury was unable to reach a unanimous agreement as to the drug amounts attributable to him, his conspiracy/controlled substance conviction is void. However, the courts have already considered this argument in Clay's case and have found it to be without merit. Thus, Clay's petition for a writ of error *coram nobis* should be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of error *coram nobis* filed by Clay be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

**before July 7, 2011.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of June, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE